IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| MARIO ALBERTO GARCIA, | ) | Civil Action No. 4:12-3119 |
| | ) | Criminal No. 4:10-765-01 |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

On June 20, 2011, Petitioner, Mario Alberto Garcia ("Petitioner"), pled guilty to Count 1 of the Indictment in Criminal Case No. 4:10-765, charging him with Conspiracy to Possess with Intent to Distribute and Distribution of 5 Kilograms or More of Cocaine and 50 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841 and 846. (Doc. # 172). On June 5, 2012, Petitioner was sentenced to 200 months of imprisonment and a 5 year term of supervised release to follow. (Docs. # 210 and # 211). Petitioner did not file a notice of appeal.

On October 29, 2012, Petitioner filed a *pro se* motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (Doc. # 216). In the motion, among other claims, Petitioner asserts that his counsel was ineffective for failing to file a notice of appeal on his behalf, despite his request that such a notice be filed. Petitioner states: "I demanded Counsel to Appeal my case." Id. On January 18, 2013, the Government filed a response and moved to dismiss Petitioner's claims with the exception of the claim related to the un-filed appeal. (Doc. # 231). On February 7, 2013, the Petitioner was advised by Roseboro Order that he had 34 days in which to file a response to the Government's brief. (Doc. # 233). On March 4, 2013, the Petitioner filed a timely reply brief. (Doc. # 236). The Court has also reviewed the affidavit of Petitioner's counsel at sentencing, who disputes Petitioner's claim

that he requested that she file an appeal on his behalf. (Doc. # 228). Counsel states: "[Petitioner] never instructed Counsel to appeal his sentence." Id.

## 28 U.S.C. § 2255

United States Code Title 28, Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the court which imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. It is established that "[a] petitioner collaterally attacking his sentence or conviction pursuant to § 2255 bears the burden of proving his grounds for collateral attack by a preponderance of the evidence." White v. United States, 352 F. Supp. 2d 684, 686 (E.D.Va., 2004), (citing Miller v. United States, 261 F.2d 546 (4th Cir.1958)).

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Petitioner asserts in his motion that his counsel at sentencing was ineffective for failing to file a notice of appeal on his behalf despite his request that the notice be filed. The Fourth Circuit has concluded that "a criminal defense attorney's failure to file a notice of appeal when requested deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success." United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). This deprivation of the right to appeal entitles a petitioner to relief under 28 U.S.C. § 2255. See id.

Although counsel disputes that the Petitioner stated that he wanted to pursue an appeal, upon

consideration of the record before it, the Court finds that Petitioner has sufficiently met his burden with respect to the appeal claim.

## **CONCLUSION**

For the foregoing reasons, it is **HEREBY ORDERED** that Petitioner's motion for relief under 28 U.S.C. § 2255 is **GRANTED**, though only with respect to Petitioner's claim that his attorney did not file a notice of appeal on his behalf despite his request that the notice be filed**.** (Doc. # 216). Therefore, the Court hereby vacates Petitioner's sentence of conviction and immediately reinstates and reimposes his conviction. **Petitioner will have 14 days from the filing date of this Order to file a notice of appeal of his original conviction.** The remainder of Petitioner's claims are **DISMISSED** without prejudice. See United States v. Killian, No. 01-7470, 2001 WL 1635590 at *1 (4th Cir. 2001) (unpublished).

Ms. Debra Chapman is hereby appointed to represent Petitioner in the direct appeal of his Criminal Case No. 4:10-765.

**IT IS SO ORDERED**.

    s/Terry L. Wooten
United States District Judge

March 27, 2013
Florence, South Carolina